CRICHTON, J.,
additionally concurs and assigns reasons:
hi agree with the per curiam’s conclusion that the defendant failed to establish *353 any reasonable expectation of privacy in the barbeque grill, and therefore the search inside the grill was within the scope of a permissible search for weapons that might be used to harm law enforcement. I write separately to emphasize the paramount importance of officer safety in exigent situations such as these. Here, the officers encountered the defendant at a late hour in a known high-crime area, and observed the drugs and related paraphernalia on the ground near defendant. The barbecue grill, which the officers observed had its lid askew and the dew on the handle disturbed, could have been used to destroy evidence or conceal a gun. As a result, in my view, the officers were justified in searching the grill to secure their safety during this rapid encounter with defendant. See Warden, Maryland Penitentiary v. Bennie Joe Hayden, 387 U.S. 294, 299, 87 S.Ct. 1642, 1646, 18 L.Ed.2d 782 (1967) (Court finding warrantless home entry and subsequent search for a robber reasonable, as the “exigencies of the situation made that course imperative,” (quoting McDonald v. United States, 335 U.S. 451, 456, 69 S.Ct. 191, 193, 93 L.Ed. 153 (1948)) and finding that “[t]he Fourth Amendment does not require police officers to delay in the course of an investigation if to do so would gravely endanger their lives or the lives of others.”). As the U.S. Supreme Court held in Terry v. Ohio, “[wjhen an officer is justified in believing that the individual whose ^suspicious behavior he is investigating at close range is armed and presently dangerous to the officer or to others, it would appear to be clearly unreasonable to deny the officer the power to take necessary measures to determine whether the person is in fact carrying a weapon and to neutralize the threat of physical harm.” 392 U.S. 1, 24, 88 S.Ct. 1868, 1882, 20 L.Ed.2d 889 (1968).